Nicholson, C. J.,
delivered the opinion of the Court.
*483 Prior to tRe February Term, 1861, of ■ tbe Chancery Court at Brownsville, "W. ,K. Bennett, former Clerk and Master, bad been ordered by tbe Court to pay into tbe office of tbe then Clerk and Master, all moneys in bis bands collected as snob Clerk and Master, for lands sold in tbis cause. Having failed to comply witb tbe order, tbe same was renewed at tbe February Term, 1861, and from term to term until September Term, 1868, wben be reported be bad in bis bands $1,952, after having paid out' $1,000 to tbe solicitors of complainants, and claiming tbat tbe money having been collected in depreciated funds, tbe same should be received at its value. Tbis report was set aside, and tbe then Clerk and Master ordered to report as to tbe funds in tbe bands of tbe former Clerk and Master.
Tbis order was renewed from term to term, until tbe Hovember Term, 1870, wben tbe Clerk and Master reported tbat, witb interest, tbe money in tbe bands of the former Clerk and Master amounted to $2,274. It was thereupon ordered and decreed tbat tbe Clerk and Master recover said amount of said Bennett, and tbe securities on bis bond.
Tbe ease is here by writ of error, and various errors are assigned by tbe securities of Bennett for a reversal of tbe decree.
Tbe decree was rendered upon tbe confirmation of tbe report of tbe Clerk and Master, to which no exception was filed, and is as follows: And it *484 appearing from said report that W. K. Bennett, former Clerk and Master of this Court, had in his hands the 26th of February, 1868, the sum of $1,952.10, which, with interest from that date, it being the time he was ordered to pay the same into the hands of the Clerk and Master of this Court, amounts to $2,274, and it appéaring that the said W. K. Bennett, former Clerk and Master, has failed to pay the said sum into this Court; and it further appearing that said sum was due from said W. K. Bennett, former Clerk and Master, from sales of land sold by him as Clerk and Master, in the case of W. A. Tanner, guardian, against Isaac Dancy, and it further appearing' that Q-. W. Bennett, J. L. Wingfield, Sen., A. Alston, and W. C. bTixon are his securities on his official bond as Clerk and Master aforesaid, it is therefore ordered that the Clerk and Master recover, etc.
The record shows that Bennett was in Court resisting the preliminary steps taken to ascertain the amount of money in his hands. When the amount was fully ascertained, he was entitled to no notice, as he was already in Court. There was no necessity for any formal motion for judgment. Whenever the report showing the amount of his defalcation was confirmed, it was the right and the duty of the Court, mero motu, to enter a judgment against him and his securities. The law provides for no notice, either to the Clerk and Master or his securities in such a case. The bonds of the Clerk and Master were on the records of the *485 Court, and the Chancellor had the right to turn to these records to see who were the securities on the bonds. Having thus ascertained their names, it was not necessary that the decree should do more than to recite that it appeared to the Court who were the securities on the bonds. As the Chancellor made a- decree against the securities of the former Clerk and Master as such, the presumption is that he found, upon inspection of the records of his Court, that he had given no special bond as commissioner; and, therefore, that his securities were liable on his general official bond. The object of the proceeding was to have the funds, which the former Clerk and Master was withholding from the office, paid into the office where they belonged. It was, therefore, proper to enter up the judgment in the name of the Clerk and Master, who was the rightful custodian of the funds.
~We find no error in the ' decree, and affirm it, with costs, against the appellants and their securities.